IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00573–RBJ–KMT
  (*Consolidated with* 13–cv–00574–RBJ–KMT, 13–cv–00576–RBJ–KMT,
   13–cv–00579–RBJ–KMT,13–cv–00892–RBJ–KMT, and 13–cv–00893–RBJ–KMT)

DONALD THORNTON, individually and as Personal Representative of the ESTATE OF JEAN THORNTON, and behalf of all others similarly situated,

  Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC.,

  Defendant.

**ORDER**

This matter is before the court on "Defendant DaVita Healthcare Partners, Inc.'s Motion to Stay Discovery" (Doc. No. 61 [Mot.], filed August 8, 2013). Plaintiffs filed their response on September 20, 2013 (Doc. No. 64 [Resp.]), and Defendant filed its reply on October 1, 2013 (Doc. No. 66 [Reply]). The motion is ripe for ruling.

**BACKGROUND**

This matter is a putative class action concerning alleged strict products liability, negligence, wrongful death, breach of warranty, and fraudulent concealment. (Doc. No. 53.) Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 56.) On August 22, 2013, the parties attended a Scheduling Conference, and this court entered a

Scheduling Order. (Doc. Nos. 59 and 60.) Defendant now moves to stay discovery pending resolution of its Motion to Dismiss. (Mot.) Plaintiffs oppose entry of a stay. (Resp.)

## ANALYSIS

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

When exercising its discretion in evaluating a request for a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants

of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987). Here, the factors weigh in favor of staying discovery.

1.    **Plaintiffs' Interest**

Plaintiffs argue a stay will impact the case schedule and prejudice their right to proceed expeditiously. (Resp. at 6.) Specifically, Plaintiffs argue that, because this court set a deadline of October 7, 2013, to add parties, it will be prejudiced if it cannot examine Defendant's employees regarding the corporate structure and other issues to assist in identifying additional parties. (*Id.*) Plaintiff also argues that this court has set aggressive deadlines for identifying experts for class certification and for moving for class certification. (*Id.* at 6–7.)

The court recognizes Plaintiffs' interests in proceeding expeditiously. However, just as the court may exercise its discretion in staying discovery, it also may, upon the filing of an appropriate motion, stay or extend the other deadlines set in the Scheduling Order, including the deadlines about which Plaintiffs are concerned. The court does not find the presence of current deadlines particularly prejudicial to Plaintiffs. This factor weighs in favor of a stay of discovery.

2.    **Defendants' Burden**

Defendants argue that the burden on it to proceed with discovery will be significant because the current posture of the case risks considerable wasted expense and resources if discovery is not stayed. (Mot. at 5–6.) Specifically, Defendants argue that Plaintiffs'

3

Consolidated Complaint involves twelve separate plaintiffs across ten different states, not including family members with purported loss of consortium claims and also includes several different theories of liability. (*Id.* at 6.) Defendant argues the Consolidated Complaint, in some cases, suffers from threshold deficiencies, such as applicable status of limitations, that could result in dismissal of entire individual cases. (*Id.*) Defendants argue that if discovery proceeds, they will be required to respond to broad, burdensome discovery on a plethora of topics and individuals where the claims may not proceed after ruling on the Motion to Dismiss. (*Id.*)

Though the ordinary burdens associated with litigating a case do not constitute undue burden, *see Collins v. Ace Mortgage Funding, LLC*, 08–cv–1709–REB–KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008), the court finds that requiring Defendant to comply with Plaintiff's potentially 150 discovery requests and to proceed with potentially more than forty depositions (*see* Doc. No. 60) while a Motion to Dismiss is pending would impose on Defendant more than the ordinary burdens of litigation. The requested discovery may ultimately be useless and a waste of the parties' time and resources. *See Stone v. Vail Resorts Dev. Co.*, No. 09–cv–02081–WYD–KLM, 2010 WL 148278, at *2 (D. Colo. Jan 7, 2010) (citing *Schmaltz v. Smithkline Beecham Corp.*, No. 08–cv–00119–WDM–MEH, 2008 WL 3845260, at *1–2 (D.Colo. Aug. 15, 2008) (staying discovery as to class claims upon finding that Defendant "demonstrated that significant discovery may be necessary for class claims that would otherwise be irrelevant")). Thus, the second factor also favors entry of a stay.

### 3. Convenience to the Court

The Court can be inconvenienced by an ill-advised stay, as the resulting delay makes the Court's docket less predictable and, hence, less manageable. A stay may be particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed. *Stone*, 2010 WL 148278, at *3. Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed. *See id.* Thus, despite this District's general policy disfavoring a complete stay of proceedings, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action. *Id.* (quotation and citation omitted); *see also Namoko v. Milgard Mfg., Inc.*, No. 06–cv–02031–WDM–MEH, 2007 WL 1063564, at *1 (D. Colo. April 6, 2007) (noting that stay appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party").

Here, it is not clear whether the pending Motion to Dismiss will dispose of the entire action. The court takes no position as to the merits of the motion. Nevertheless, it is clear that should the pending motion be granted, this court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay. *See Stone*, 2010 WL 148278, at *3. Thus, the third factor concerning the court's interest in judicial economy weighs in favor of granting the stay.

### 4. Nonparties' and Public's Interests

Defendant argues that several nonparties, including numerous physicians, healthcare corporations, and the federal government, likely will possess relevant information to this case.

(Mot. at 7.)  Defendant argues these nonparties and the public will receive a tangible benefit by allowing the entities and individuals to devote their resources to ensuring public safety, providing medical care, and rendering treatment without the distraction of potentially unnecessary discovery.  (*Id.* at 8.)

Plaintiffs counter that permitting discovery will not significantly affect the interests of nonparties or the public.  (Resp. at 8–9.)  Plaintiff also argues that, in a case involving severe and widespread injuries and even death, the public interest may favor expeditious prosecution of the case.  (*Id.* at 9.)

The court finds that these factors weigh neither for nor against the entry of a stay in this matter.

Balancing the five factors here considered, the court concludes that a stay of discovery is appropriate.  The burden on Defendant of proceeding in discovery in this putative class action lawsuit while a potentially fully dispositive motion is pending outweighs Plaintiffs' interest in proceeding expeditiously with their case.  Therefore, in the court's discretion, *see Stone*, 2012 WL 148278 at *4 (citation omitted), the court grants Defendant's Motion and enters a stay of discovery.

## CONCLUSION

It is **ORDERED** that "Defendant DaVita Healthcare Partners, Inc.'s Motion to Stay Discovery" (Doc. No. 61) is **GRANTED**.  Discovery is **STAYED** pending resolution of Defendant's Motion to Dismiss.  It is further

**ORDERED** that the parties shall file a joint status report within ten days of ruling on Defendant's Motion to Dismiss, if any portion of the case remains pending, to advise how they wish to proceed.

Dated this 8th day of October, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge