IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Consolidated Civil Action No 13-cv-00573-RBJ-KMT

DONALD THORNTON, individually and as Personal Representative of the
ESTATE OF JEAN THORNTON, and on behalf of all others similarly situated,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC.,

    Defendant.

# ORDER

## I.    Introduction

Before the Court is defendant DaVita Healthcare Partners' motion to dismiss [ECF No. 93] plaintiffs' Second Amended Master Consolidated Complaint ("SAMCC") [ECF No. 90] for failure to state a claim. For the reasons laid out below, the motion is granted in part and denied in part.

## II.    Facts

The Court reviewed the facts of this case in detail in its Order addressing defendant's earlier motion to dismiss. *See* ECF No. 69 at 2–4.

## III.    Discussion

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are purely conclusory are not entitled to an assumption of truth. *Id.* at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Defendant's motion makes five arguments for why various parts of the complaint should be dismissed: (1) Plaintiffs fail to limit their remaining causes of action to theories based on DaVita's provision of dialysis services, (2) plaintiffs' negligence and Colorado Consumer Protection Act ("CCPA") failure-to-warn claims fail because DaVita had no duty to warn under any of the relevant states' laws, (3) plaintiffs' attempts to recast claims arising from medical decisions as cognizable under the CCPA must fail, (4) plaintiff Moreno's failure to comply with Arizona's statutory requirements requires dismissal of his claims, and (5) Plaintiff Armstrong's and Plaintiff Nunes' claims remained time-barred. The Court will address each point in turn.

    A. <u>Failure to Comply with this Court's Earlier Order</u>.

DaVita argues that the SAMCC violates this Court's earlier Order because the causes of action described therein are not strictly limited to DaVita's role as a medical services provider. Specifically, the defendant contends that (1) the complaint is "riddled with allegations sounding in products liability" (including references to DaVita "supplying" and "distributing" GranuFlo), (2) plaintiffs' claims must be limited to those based on duties owed to DaVita patients, not other groups like the medical community and public at large, and (3) plaintiffs do not limit the scope of their claims to the quality of medical care provided, but instead allege duties that belong to a

manufacturer (for example, testing the product before introducing it "into the stream of commerce"). ECF No. 93 at 3.

Beginning with the first and third arguments, I largely agree. In the earlier Order [ECF No. 69], this Court made clear that DaVita was not a manufacturer of GranuFlo and allowed the case to proceed on two plausible theories: (1) DaVita was negligent in administering care because it failed to connect the dots surrounding changing blood pH levels in its patients, or (2) it did connect the dots but kept the information secret, thereby perpetuating a fraud. ECF No. 69 at 10. The Court now reemphasizes that these are the two theories on which plaintiffs may proceed. Furthermore, as the Court previously stated, the remaining causes of action are limited to DaVita's actions as a provider of medical services, not as a seller or manufacturer. *See id.* at 15. For these reasons, the Court now dismisses plaintiffs' negligence claims to the extent they are based on ¶91, ¶92, and subparts a, c, d, e, f, h, i, j, and k of ¶95 of the SAMCC. Similarly, the Court dismisses plaintiffs' fraudulent concealment and CCPA claims based on the following subparts of ¶¶ 85 and 111 (which assert essentially identical allegations for the plaintiffs' fraudulent concealment and CCPA claims respectively): c, f, and j.[1]

Turning to defendant's second argument, DaVita asserts that under this Court's earlier Order [ECF No. 69], plaintiffs' claims must be limited to those based on duties owed to DaVita patients, not other groups like the medical community and public at large. ECF No. 93 at 3 (citing ECF No. 69 at 11). The Court agrees as to the negligence claim. However, plaintiffs have not expressly alleged any duty to any group other than DaVita patients, and the Court is satisfied that the remaining negligence claims are not based on such a duty. *See* ECF No. 90 at

---

[1] The defendant also takes issue with the language in other sections of the complaint beyond the ones describing plaintiffs' claims for relief. However, the Court notes that the defendant has not filed a motion to strike, and the Court does not think it necessary to go through the entire SAMCC line-by-line and strike particular language. The parties are advised that, going forward, anything outside the scope of the two theories described above will not be a part of this case.

¶¶ 90–99.  Turing to the fraudulent concealment and CCPA claims, the sentence from the earlier Order that DaVita cites in support of its argument does not address those claims.  *See* ECF No. 69 at 11.  Moreover, the Court agrees with the plaintiffs that the concealment of information from other groups besides the patients themselves may be relevant to their claims.  Thus the Court declines to dismiss any remaining claim on this basis.

      B.  Plaintiffs' Negligence and CCPA Failure-to-Warn Claims.

DaVita next asserts that plaintiffs' negligence and CCPA claims "continue to allege that some type of wrongdoing occurred under a failure-to-warn theory."  ECF No. 93 at 5–9.  The Court believes that this point is fully addressed by the previous section of this Order.  While the defendant is correct about the limitations on failure-to-warn claims imposed by products liability law, the remaining claims do not sound in products liability.  Rather, the plaintiffs' theory is that DaVita either negligently failed to recognize the increased risks associated with a procedure that it administered or did recognize those risks but kept the information secret.  As the Court made clear in its earlier Order, these theories could support claims under a negligence theory or the CCPA respectively.  Thus the Court declines to dismiss the negligence and CCPA claims to the extent they were not dismissed above.

      C.  CCPA Claims Arising From the Provision of Medical Services.

Defendant also argues that the plaintiffs' CCPA claims should be dismissed in their entirety because state consumer protection laws are inapplicable to the provision of medical services, which is governed by medical malpractice law.  In the SAMCC, plaintiffs assert that DaVita violated the CCPA by (1) deceiving the plaintiffs and other similarly situated dialysis patients, their physicians and healthcare providers, the medical and scientific communities, the FDA, and the public in general, (2) concealing from these groups "true and material facts

concerning NaturalLyte and GranuFlo and its use of those products in administering dialysis treatments," and (3) in marketing materials, making statements that it knew to be false or whose falsity it recklessly disregarded. ECF No. 90 at ¶ 107.

As noted above, the Court dismisses some of the CCPA claims for reasons laid out in its earlier Order. The remaining allegations, those based on subparts a, b, d, e, g, h, and i of ¶111 of the SAMCC, contend essentially that DaVita concealed information about the risks associated with dialysis procedures that it administered. In considering defendant's argument that even these remaining claims should be dismissed because the CCPA does not apply to the provision of medical services, the Court notes as an initial matter that under Colorado law, medical professionals may be held liable for violations of the CCPA. *See Martinez v. Lewis*, 969 P.2d 213, 222 (Colo. 1998). In *Martinez*, the Colorado Supreme Court examined whether the CCPA applied where a doctor had misrepresented his qualifications and the services he could perform to the insurance company that hired him to examine a policy-holder. *Id.* Although the court there found the statute inapplicable, it reached that conclusion because the doctor's conduct did not significantly impact members of the public, suggesting that the fact that the claim was brought against a physician was not problematic. *Id. See also Crowe v. Tull*, 126 P.3d 196, 203 (Colo. 2006) ("Our opinion in *Martinez* indicated that a doctor could be subject to liability under the CCPA under the right conditions. The legislature has not acted to exempt medical professionals, or learned professionals in general, from the CCPA since our holding in that case.").

DaVita, however, does not argue that there is a blanket exception for medical professionals under the CCPA, but rather that the statute does not apply to the provision of medical services. Colorado courts do not appear to have addressed this precise question.

5

However, in *Teiken v. Reynolds*, the court considered the claim that the defendants there "violated [the CCPA] by misrepresenting . . . the qualities, characteristics, suitability, and benefits of [their] breast implants and that the implants were of reputable quality and were safe and fit for the purpose intended." 904 P.2d 1387, 1389 (Colo. App. 1995). The court characterized the claim as one "based upon a physician's misassessment of the risks involved in a medical procedure" and referred to it as a "medical malpractice action." *Id.* Although the court affirmed the dismissal of the claim for failure to file the required certificate of review, the decision appears to approve of a CCPA claim based on a misrepresentation of the risks involved in a procedure. Thus the case suggests that the plaintiffs in the present case may bring a claim under the CCPA premised on DaVita's failure to disclose to its patients the risks associated with their treatment involving GranuFlo.

Defendant's argument to the contrary rests entirely on decisions interpreting other states' consumer protection laws. *See* ECF No. 93 at 8–9. Although DaVita is correct that courts in many states have held that claims arising from the provision of medical services are not cognizable under their consumer protection laws, there are also cases in which courts have allowed such claims to proceed. *See, e.g.*, *Kelly v. VinZant*, 287 Kan. 509, 520 (2008) (prior to amendment by state legislature, "the plain language of the [Kansas Consumer Protection Act] was broad enough to encompass medical care and treatment services provided within a physician-patient relationship"); *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 294 (1999) (plaintiffs could bring claim that defendants misrepresented risks associated with IVF procedure under consumer protection law).

For the reasons laid out above, the Court declines to dismiss plaintiffs' CCPA claims on the theory that the statute is inapplicable to claims involving the provision of medical services.

D.  Plaintiff Moreno's Claims.

Defendant argues that all of Plaintiff Moreno's claims should be dismissed because he has not filed an expert affidavit (or a certificate explaining why one is unnecessary) with the Court, as required under Arizona law in medical malpractice cases.  *See* ARIZ. REV. STAT. §§ 12-2601 & 12-2602.  In its earlier Order [ECF No. 69], this Court gave Plaintiff Moreno leave to file the paperwork required under the Arizona statute.  ECF No. 69 at 13.  The plaintiff has not done so, despite assurances in plaintiffs' response to the present motion that such paperwork would be filed "promptly."  *See* ECF No. 98 at 15.

Plaintiff Moreno instead now argues that the Arizona statute is inapplicable here because it only covers claims against "licensed professionals."  ECF No. 98 at 14.  Indeed, plaintiffs have added an allegation that DaVita is not a "licensed professional" in the State of Arizona.  ECF No. 90 at ¶ 99.  However, this allegation is purely conclusory, and the Court finds it insufficient to defeat the application of Arizona's statutory requirement.  Because of the continued failure to file the appropriate expert affidavit or certificate with the Court, Plaintiff Moreno's claims are dismissed without prejudice.

E.  Plaintiffs Armstrong's and Nunes's Negligence Claims.

In its earlier Order, the Court dismissed Plaintiffs Armstrong's and Nunes's negligence claims because they did not plead sufficient facts to find that the discovery rule applied to their claims, and thus the claims were time-barred.  ECF No. 69 at 12.  Plaintiffs have added allegations in the SMACC to address this issue.  *See* ECF No. 90 at ¶¶ 80, 81.  These new allegations clearly allege the time and manner of discovery and the inability to have made the discovery at an earlier time.  *See id.*  On the facts presented in the complaint, the Court does not find that the injuries themselves would have led a reasonable person to undertake an

investigation that would have revealed the factual basis for the plaintiffs' claims in the statutory period.  Thus, the motion to dismiss is denied as to these claims.

### IV.     Conclusion

For the reasons laid out above, the defendant's motion to dismiss [ECF No. 93] is GRANTED IN PART and DENIED IN PART.  The Court dismisses, with prejudice unless otherwise indicated, the following causes of action:

1. Fraudulent concealment based on subparts c, f, and j of ¶85 of the SAMCC.
2. Negligence based on ¶91, ¶92, and subparts a, c, d, e, f, h, i, j, and k of ¶95 of the SAMCC.
3. Alleged violations of the CCPA based on subparts c, f, and j of ¶111 of the SAMCC.
4. Plaintiff Moreno's claims (without prejudice).

The Court reiterates that the remaining causes of action are all limited to theories based on DaVita's actions as a provider of medical services, not as a manufacturer or seller of GranuFlo/NaturaLyte.

DATED this 23rd day of March, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge